UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark I. VEAL, a.k.a. Sharky,
Defendant–Appellant.

No. 02–14352
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 27, 2003.

R. Fletcher Peacock, Fed. Pub. Def.,
Orlando, FL, James H. Burke, Jr., Fed.

Pub. Def., Jacksonville, FL, for Defendant–Appellant.

Susan Hollis Rothstein–Youakim, Tampa, FL, for Plaintiff–Appellee.

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Mark I. Veal pled guilty to one count of transporting or shipping child pornography by computer, in violation of 18 U.S.C. § 2252(a)(1), and he was sentenced to 41 months' imprisonment. As a special condition of supervised release, the district court required that Veal register with the State Sexual Offender Registration Agency in any state where he resides, visits or is employed, carries on a vocation, or is a student. Veal appeals his sentence, arguing that imposition of the above-mentioned special condition of supervised release constituted an abuse of discretion because (1) the district court's finding that he is a sexual predator is unsupported by the record, and (2) he was not afforded a due process hearing to determine whether he is "particularly likely to be currently dangerous." For the reasons set forth more fully below, we affirm Veal's sentence.

According to the presentence investigation report ("PSI"), the Police Department Child Exploitation Unit in Dallas, Texas initiated an investigation whereby an undercover agent ("UC") sent "spam" electronic mail (an unsolicited advertisement) to people whom they believed to be involved in child pornography. During the course of the investigation, Veal responded to the UC's solicitation via e-mail and made numerous requests for child pornography. Veal advised the UC that he specifically was interested in purchasing (1) images containing "child hardcore, incest, young oral sex"; (2) images containing "ages 2–12 Girls with men. Specifically Oral and facials, and Hardcore Sex and also young girls smoking if you got. Any situations"; and (3) a video titled "Dasha Learns," which is described as "3 year old girl is taught how to [give oral sex]." Also, Veal e-mailed to the UC (1) three images of a prepubescent girl approximately three to five years of age engaged in sexually explicit conduct, and (2) two images of prepubescent girls engaged in sexually explicit poses and conduct. Subsequently, the FBI obtained a search warrant for Veal's residence and seized his computer, which contained "hundreds of graphic images of prepubescent minors under the age of 12 engaging in sexually explicit conduct."

The PSI recommended a base offense level of 17 and that Veal receive a 2–level enhancement under U.S.S.G. § 2G2.2(b)(1) due to the offense involving prepubescent minors under the age of 12. The PSI also recommended (1) a four-level enhancement under § 2G2.2(b)(3) because the offense involved material that portrays sadist or masochistic conduct, (2) a two-level enhancement under § 2G2.2(b)(5) because Veal used a computer to transmit pornographic material, and (3) a three-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1.

During sentencing, the district court adopted the PSI's factual findings and sentenced Veal to 41 months' imprisonment and 3 years' supervised release. The court then set forth a special condition of supervised release, stating that:

> [Veal] will register with the State Sexual Offender Registration Agency in any state where you reside, visit or are employed, carry on a vocation or a student as directed by your Probation Officer. The Probation Officer shall provide state officials with all information required under the Florida Sexual Predator and

Sexual Offender Notification and Registration Statutes ... and may direct you to report to these agencies personally or require additional processing such as photographing, fingerprinting or DNA collection.

Veal objected to the imposition of this special condition of supervised release, arguing that the Supreme Court recently had granted certiorari in *Doe v. Dep't of Public Safety*, 271 F.3d 38, 62 (2d Cir. 2001), where the Second Circuit held that non-dangerous sex offenders have a protected liberty interest in avoiding inclusion in a sex offender registry. The district court overruled Veal's objection.

■ Veal argues on appeal that the district court erroneously required that he, as a special condition of supervised release, register with the State Sexual Offender Registration Agency in any state where he resides. Veal contends that the district court's finding, that he is a sexual predator, is belied by the facts that he has a supportive family and no history of sexual contact with children. Veal further maintains that, in light of *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir.1999), which held that an Alabama prisoner had a liberty interest in not being branded a sex offender, the district court violated his due process rights by failing to conduct a hearing to determine whether he is "particularly likely to be currently dangerous." Finally, Veal notes that the Second Circuit in *Doe* upheld an injunction prohibiting Connecticut from disseminating sexual registry information about a state prisoner without first conducting a hearing to determine whether he currently was dangerous.

■ We review for abuse of discretion a district court's imposition of a special condition of supervised release. *See United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir.2000). The Sentencing Guidelines require, as a mandatory condition of super-

vised release, that "a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) shall report [his address] to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student." U.S.S.G. § 5D1.3(a)(7).

■ Veal's offense of conviction, § 2252(a)(1), is listed as a qualifying offense under § 4042(c)(4); thus, § 5D1.3(a)(7)'s mandatory conditions of supervised release are applicable. *See* 18 U.S.C. §§ 4042(c)(4)(C), 2252; U.S.S.G. § 5D1.3(a)(7). Veal's contention, that the record does not support a finding that he is a sexual predator, is of no consequence because § 5D1.3(a)(7) does not require a district court to make a factual finding on this issue. *See* U.S.S.G. § 5D1.3(a)(7). Additionally, Veal's reliance on *Kirby* and *Doe* is misplaced for the reasons set forth below.

The plaintiff in *Kirby*, an Alabama prisoner convicted of attempted murder, filed a 42 U.S.C. § 1983 action, alleging that he was unlawfully classified in prison as a sex offender despite never having been convicted of a sex crime. *Kirby*, 195 F.3d at 1288. The district court granted summary judgment against the plaintiff, finding that state prison regulations provided for sexual offender classifications for inmates with two or more arrests for sex crimes regardless of the disposition of those claims. *Id.* at 1289. We reversed the district court's decision, holding that "[a]n inmate who has never been convicted of a sex crime [possesses a liberty interest in not being branded a sex offender, and, as such,] is entitled to due process before the state declares him to be a sex offender." *Id.* at 1292. Veal had pled guilty to a sex crime.

The plaintiff in *Doe*, a Connecticut prisoner convicted of an offense that subjected him to Connecticut's sexual offender regis-

try statute, filed a § 1983 action, alleging that the registry law violated due process because it classified him as a dangerous individual without affording him notice and a hearing. *Doe,* 271 F.3d at 45–46. The district court granted summary judgment in favor of the plaintiff, finding that the statute at issue violated due process because it altered the plaintiff's status under the law without affording him an opportunity to be heard on the issue of his current dangerousness. *Id.* at 46. In affirming the district court's order, the Second Circuit held that due process required that the plaintiff be afforded a hearing to determine whether he was likely to be currently dangerous before being labeled as such by his inclusion in a publicly disseminated registry. *Id.* at 62 (stating that "it is the communication to the public of the fact that the plaintiff ... is in the registry, without a hearing as to the current danger that the plaintiff ... poses that is ... central to the constitutional infirmity of the statute").

■■■ Our holding in *Kirby,* that an inmate who was never convicted of a sex offense must be afforded due process prior to being classified as a sex offender, is inapplicable here because, unlike the inmate in *Kirby,* Veal was convicted of a sex offense. Additionally, this case is distinguishable from *Doe* because, unlike the inmate in *Doe,* Veal was convicted in federal court of a sex offense that subjected him to the mandatory provision of § 5D1.3(a)(7). Moreover, it is important to note that we are in no way bound by a decision from the Second Circuit Court of Appeals. *See United States v. Rosenthal,* 763 F.2d 1291, 1294 n. 4 (11th Cir.1985). Veal has failed to cite any binding authority to support the position that an individual who is convicted of a sex offense is entitled to due process before a district court imposes § 5D1.3(a)(7)'s "mandatory" condition of supervised release.

■■ Additionally, the government correctly argues that, insofar as Veal seeks to challenge the constitutionality of Florida's sexual offender registration statutes, his claim is not ripe for review. "As part of the 'case or controversy' requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute." *Kirby,* 195 F.3d at 1289. "Ripeness requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review." *Id.* at 1290. In *Kirby,* we concluded that the plaintiff's challenge to the constitutionality of Alabama's Community Notification Act was not ripe for review because the Act would not affect him until his release from custody in 2005. *See id.* (concluding that (1) the plaintiff faced no hardship from denying review of his claim because he was "not going anywhere and his prior arrest and conviction record is not going to change," and (2) the claim was not fit for review because whether the statute at issue would remain in effect and unamended until the plaintiff's release from custody was a matter of speculation).

This case is similar to *Kirby* because, like the inmate in *Kirby,* Veal is scheduled for release in approximately three years and, thus, will face no hardship if we withhold consideration of his claim. Additionally, as in *Kirby,* whether Florida's sexual offender registration statutes will remain in effect in their current form throughout Veal's incarceration is a matter of speculation.

Accordingly, we conclude that the district court did not abuse its discretion by requiring that Veal, as a special condition of supervised release, register with the State Sexual Offender Registration Agency in any state where he resides. We further conclude that, insofar as Veal

seeks to challenge the constitutionality of Florida's sexual offender registration statutes, his claim is not ripe for review. We, therefore, affirm Veal's sentence.

AFFIRMED.