*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-043

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| Eugene Ladd | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, et al. | } | DOCKET NO. 365-6-14 Wncv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate in the custody of the Department of Corrections (DOC), appeals from the superior court's dismissal of his complaint under 42 U.S.C. § 1983, in which he alleges that the Commissioner of DOC violated his First Amendment rights of association by banning him from residing in Chittenden County upon his release from prison. We affirm.

In 2012, plaintiff filed an administrative complaint challenging a 2005 DOC determination that he would not be allowed to reside in Chittenden County upon his release from prison. After denials at two lower levels, in January 2013 the Commissioner of DOC sent plaintiff a letter stating the following: (1) a central level case staffing was held in May 2005 due to plaintiff's violation of furlough conditions and subsequent incarceration; (2) it was determined that plaintiff posed a specific threat to the community and to specific persons based on a behavior and risk assessment; (3) as a result, plaintiff's furlough was revoked, plaintiff was required to complete twenty-four months of Cognitive Self-Change programming, and any future releases into the community would not be in Chittenden County; and (4) plaintiff would not be provided specific details regarding confidential information that contributed to the decisions to revoke furlough and deny reentry into Chittenden County. Plaintiff then filed a complaint under Vermont Rule of Civil Procedure 75 challenging the 2005 decision, but the superior court dismissed the complaint as untimely filed.

In June 2014, plaintiff filed the instant § 1983 action against the Commissioner in his official capacity. He sought injunctive relief from the decision to disallow his release in Chittenden County, which he claimed, among other things, violated his First Amendment rights of association. Defendant moved to dismiss the complaint under V.R.C.P. 12(b)(1) as not ripe for review and under V.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The superior court granted the motion on both grounds, and plaintiff appeals to this Court.

We agree with the superior court that the lack of ripeness warrants dismissal of the complaint, and thus we do not address the merits of the complaint. At the time plaintiff filed the complaint, he was not eligible for release on furlough because he had not yet completed the

requisite programming. It is unclear from the record whether plaintiff has since started the programming, but he remains incarcerated and has not been released on furlough. In short, it is uncertain if plaintiff will be released on furlough in the future and, if so, whether at that point DOC will stand by its ten-year-old decision not to release him in Chittenden County. Under these circumstances, the complaint is not ripe for review. A court has "subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests." Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (quotation omitted); see also Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (stating that "threatened injury must be 'certainly pending' to constitute injury in fact" under case and controversy requirement); United States v. Veal, 322 F.3d 1275, 1278-79 (11th Cir. 2003) (concluding that challenge to Florida's sex offender registration was not ripe for review because offender was not scheduled to be released for another three years).

Plaintiff argues that his pleadings demonstrate that defendant's decision is already influencing its pre-release planning, but he fails to specify how planning for defendant's release is being affected or how he is being injured by any such planning. We cannot accept these vague allegations as imposing an injury subject to redress under the United States Constitution.

Affirmed.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

2